IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2014

## JOE ROSS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 0104651      Honorable Chris Craft, Judge**

_____

**No. W2013-02555-CCA-R3-HC  - Filed August 13, 2014**

_____

The Petitioner, Joe Ross, appeals the Shelby County Criminal Court's denial of his petition for writ of habeas corpus. The Petitioner entered guilty pleas to five counts of aggravated robbery, four counts of especially aggravated kidnapping, and one count of aggravated rape, for which he received an effective sentence of 25 years confinement. On appeal, the Petitioner argues that his sentence is illegal on the face of the judgment because it does not include mandatory supervision for life. Because the Petitioner's judgment does not reflect the statutory requirement of mandatory lifetime community supervision, we conclude that the judgment for aggravated rape is illegal and void. We vacate the Petitioner's sentence for aggravated rape and remand to the habeas court for an evidentiary hearing to determine whether the illegal sentence was a bargained-for element of the Petitioner's plea agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined and JEFFREY S. BIVINS, J., not participating.

Blake D. Ballin, Memphis, Tennessee, for the Defendant-Appellant, Joe Ross.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Amy P. Weirich, District Attorney General; and J. Ross Dyer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On April 26, 2002, the Petitioner entered guilty pleas to five counts of robbery, four counts of especially aggravated kidnapping, and one count of aggravated rape. Pursuant to the plea agreement, the Petitioner received concurrent sentences of 8 years for each

aggravated robbery conviction, 15 years for each especially aggravated kidnapping conviction, and 25 years for aggravated rape with all sentences to be served concurrently for an effective sentence of 25 years.

On April 17, 2013, the Petitioner filed his first pro se petition for writ of habeas corpus in the Lauderdale County Circuit Court, arguing, inter alia, that his conviction for aggravated rape is void because the trial court failed to advise him that he was subject to community supervision for life upon the expiration of his sentence. On April 25, 2013, the trial court entered an order summarily dismissing the petition after concluding that the convicting court "was not without jurisdiction or authority to sentence the defendant" and that "even if the defendant was correct in his allegations, the conviction for aggravated rape would be voidable, not void, and the proper court would be the sentencing court to petition to withdraw the plea of guilty."

On May 20, 2013, the Petitioner filed a pro se notice of appeal to this court. On June 14, 2013, this court, upon a motion by the Petitioner, entered an order remanding the matter to the Lauderdale County Circuit Court to determine whether the petitioner should be declared indigent for the purposes of appeal. On June 24, 2013, the Lauderdale County Circuit Court entered an order declaring the Petitioner indigent for the purposes of appeal. Thereafter, the Petitioner filed a timely pro se brief and subsequent response brief in this court.[1]

On August 1, 2013, while the Petitioner's initial appeal was pending in this court, the Petitioner, through counsel, filed a second petition for writ of habeas corpus in the Shelby County Criminal Court, alleging that his judgment for aggravated rape is "void on its face." The Petitioner acknowledged that he had previously filed a petition for habeas corpus in Lauderdale County Circuit Court but maintained that the instant petition "is clearly distinguishable" from the previous petition, and therefore, is not barred by the prior order of the Lauderdale County Circuit Court denying relief. The State filed a motion to dismiss on September 25, 2013, and a hearing was held on the matter on September 27, 2013. On November 4, 2013, the trial court entered an order finding that the Petitioner's claims had been "previously decided against the [P]etitioner in his petition filed in Lauderdale County." The court further found that even if the merits of the Petitioner's claims were considered,

---

[1] The State asserts in its brief that the Petitioner abandoned his initial appeal in case No. W2013-01220-CCA-R3-HC because he failed to take any further action after the trial court's order declaring the Petitioner indigent; therefore, the State argues, the Petitioner's initial appeal should be dismissed. We are confounded by this argument given our review of the record. As set out above, the Petitioner timely filed a brief in this court after being granted an extension. Thereafter, he moved to have the cases consolidated under Rule 16(b) of the Tennessee Rules of Appellate Procedure.

"the fact that 'community supervision for life' is not indicated on the face of the judgment does not render the judgment void, but merely voidable." The court summarily dismissed the petition but entered a corrected judgment indicating the requirement for community supervision for life.

The Petitioner filed a timely notice of appeal from the Shelby County Criminal Court's order on November 5, 2013. On December 11, 2013, the Petitioner filed a motion to consolidate his previous appeal of denial of habeas corpus relief from Lauderdale County with his subsequent appeal of the same from Shelby County. The motion to consolidate was granted by this court on December 27, 2013.

## ANALYSIS

On appeal, the Petitioner argues that his sentence is illegal on the face of the judgment because it does not include mandatory supervision for life. The State responds that the trial court properly dismissed the matter because it was previously litigated and decided against the Petitioner in Lauderdale County. Additionally, the State contends that even if the merits of the Petitioner's claims were considered, community supervision for life was not a material element of the Petitioner's guilty plea, and therefore, he is not entitled to relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review of the habeas corpus court's decision is de novo. Hart, 21 S.W.3d at 903.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T. C. A. § 29-21-101 to -130. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton,

978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161–64). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) ("Summers I") (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

As an initial matter, the State asserts that summary dismissal was proper because the Petitioner's claim was previously determined by the Circuit Court of Lauderdale County. In its brief, the State argues that "[w]hile the Petitioner attempts to differentiate his previous filing from the instant filing . . . , the sum and substance of the [P]etitioner's claim is identical," and therefore, the Petitioner is not entitled to relief. Interestingly, in the Petitioner's initial appeal, No. W2013-01220-CCA-R3-CD, the State argued in its brief that this court should not address the Petitioner's claim that his judgment is void on its face for failing to impose the mandatory requirement of community supervision for life because "that argument was not before the habeas corpus court." Instead, the State maintained, the Petitioner had originally argued that he entered an unknowing and involuntary guilty plea

-4-

because he was never informed that his guilty plea would subject him to community supervision for life. The State noted that the Petitioner "has the ability to file a new petition for habeas corpus relief in the lower court containing this argument so the habeas corpus court may address this issue," but urged this court to affirm the habeas corpus court's denial based on the Petitioner's original allegations.

Upon review of the Petitioner's initial petition for habeas corpus relief and the trial court's summary dismissal of the petition, we agree with the State's original characterization of the Petitioner's claims. The petition asserts that the trial court "over exceeded its conferred jurisdiction and authority by way of sentencing the Petitioner to a sentence in direct contravention of the statutory guidelines, and further entering a plea of guilty against the Petitioner without fully advising the Petitioner of the punitive consequences of his plea." The trial court appears to have interpreted the Petitioner's claim as one grounded on an involuntary guilty plea, which is not a cognizable claim for habeas corpus relief. See Archer 851 S.W.2d at 163. The court concluded that "[e]ven if the [Petitioner] was correct in his allegations, the conviction for aggravated rape would be voidable, not void, and the proper court would be the sentencing court to petition to withdraw the guilty plea." The court also noted that "[i]f the petition is treated as one for post-conviction relief, this court has no jurisdiction," further confirming that the trial court interpreted the Petitioner's claims as challenging the voluntariness of his guilty plea, which is typically brought in an action for post-conviction relief. See id. at 164 (noting that a petition for habeas corpus relief that requests relief that may only be granted pursuant to the post-conviction statutes may properly be treated as a petition for post-conviction relief). Accordingly, we decline the State's invitation to affirm the summary dismissal of the Petitioner's claims as "previously determined" and turn to consider the merits of the Petitioner's claim.

In the instant case, the Petitioner entered a guilty plea to one count of aggravated rape under Tennessee Code Annotated section 39-13-502. Consequently, pursuant to Tennessee Code Annotated section 39-13-524(a)(1), community supervision for life was required as part of his sentence. As the Petitioner correctly points out in his petition, however, his judgment form for aggravated rape does not impose the mandated community supervision for life. This court has repeatedly held that "[t]he failure to include the community supervision for life provisions render[s] the defendant['s] sentences illegal." State v. Bronson, 172 S.W.3d 600, 601-602 (Tenn. Crim. App. 2005). Accordingly, we conclude that the Petitioner's sentence for aggravated rape is illegal on the face of the judgment because it does not include the mandatory supervision for life provision. See Tony Hoover v. Henry Steward, Warden, No W2011-02453-CCA-R3-HC, 2013 WL 238196, at *3 (Tenn. Crim. App. Jan. 18, 2013) (concluding that the Petitioner's sentences for rape were illegal on the face of the judgments because they did not include the mandatory supervision for life provision).

As a general rule, when a plea agreement includes an illegal sentence, a petitioner is entitled to withdraw the guilty plea. Summers I, 212 S.W.3d at 258 (citing McLaney, 59 S.W.3d at 94-95). This rule, however, is not without exceptions. Summers I, 212 S.W.3d at 258. In Smith, the Tennessee Supreme Court determined that despite an illegal sentencing component contained in the plea agreement, the conviction remained intact because the record of the underlying proceedings did not "demonstrate on its face that the illegal provision of early release eligibility was a bargained for element of [the] plea." Smith, 202 S.W.3d at 130. To the contrary, the Smith court found that Smith "actually bargained for" a legal sentence but the trial court "made an error sua sponte and independent of the plea bargain." Id. In upholding Smith's conviction, the court reasoned that Smith's guilty plea and resulting conviction were not "based on an illegal sentence and, consequently, are not infected with the illegality." Id. Accordingly, the court concluded that "[u]nder these circumstances," Smith's sentence was void but his conviction remained intact. Id.

Relying on Smith, the State argues that notwithstanding the illegality of the Petitioner's sentence, the Petitioner is not entitled to relief because he has not shown that failure to include community supervision for life was a material element of the guilty plea. We reject this argument. Although a petitioner must attach to his petition the "legal process" alleged to cause the Petitioner's restraint, see T.C.A. § 29-21-107(b)(2), "[n]o case says that the petitioner must attach to his petition documentation showing that he is entitled to the broader remedy of invalidating the conviction because the illegal sentence was central to the plea agreement." Summers II, 267 S.W.3d at 6. Rather, Summers I "separated the issue of the proper procedure for presenting an illegal sentence claim from the remedy." Id. Thus, "[w]hen a petitioner attaches to his petition documentation from the record showing that his sentence is indeed illegal, the trial court must appoint counsel and hold a hearing to determine the scope of the remedy available." Id.; see also, Tony Hoover, 2013 WL 238196, at *3. Here, the record shows that the Petitioner properly attached the judgment to his petition showing that his sentence is illegal. "The fact that the [P]etitioner has not shown by documents attached to his petition that the illegal sentence was a material bargained-for element of his plea agreement does not alter the fact that . . . he is entitled to some remedy in the form of habeas corpus relief." Summers II, 267 S.W.3d at 4. Accordingly, the habeas court erred in summarily dismissing the petition, and we must remand to the habeas corpus court for an evidentiary hearing on the matter.

Although the court summarily dismissed the Petitioner's petition, the court, sua sponte, entered a corrected judgment form. The court correctly noted that a trial court may correct an illegal sentence at any time. See State v. Nagele, 353 S.W.3d 112, 119-120 (Tenn. 2013). In the particular circumstances of this case, however, the correction was improper. First, although the Shelby County Criminal Court is also the court of conviction, the court was acting within its capacity as the habeas corpus court when it entered the corrected

judgment. The proper procedure upon a finding of a void judgment by the habeas corpus court is to transfer the case to the convicting court for entry of a corrected judgment. See Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006) (remanding to the "original court of conviction for entry of a corrected judgment"); McLaney v. Bell, 59 S.W.3d 90, 95-96 (Tenn. 2001), rev'd on other grounds Summers I, 212 S.W.3d at 262 (directing the habeas corpus court to "promptly transfer" the case to the convicting court upon a finding that the judgment is void). Thus, correction of the sentence by the habeas corpus court was improper. Further, as discussed at length in our opinion, upon a showing that the judgment was void, the Petitioner was entitled to an evidentiary hearing to determine the proper remedy, withdrawal of the guilty plea or entry of a corrected judgment. The court's correction of the judgment was premature.

In Summers II, this court provided a procedural guideline for the habeas corpus court on remand:

> At such a hearing, the issue would be whether the illegal sentence was a material element of a plea agreement with the State, and the proof would be limited to the face of the record of the underlying proceedings. If the record establishes that the illegal sentence was not a bargained-for element of the plea agreement, then . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence. If the record establishes that the illegal sentence was a material part of a package deal, then the petitioner is entitled to withdraw his plea if he cannot reach an agreement with the State. See McConnel v. State, 12 S.W.3d 795, 800 (Tenn. 2000) (holding that withdrawal of the guilty plea is unnecessary when the parties agree to replace an illegal sentence with a legal one).

Id. at 6-7.

We acknowledge the difficulty facing the habeas corpus court in determining materiality within the context of a bargained-for plea agreement. Further, we recognize that this court "has perhaps enlarged the exceptions to the 'general rule' of remedy in McLaney-Smith-Summers by holding that 'the presence of a void component of a plea agreement does not necessarily equate to the invalidity of the entire agreement.'" Id. at 7-8 (quoting Michael David Russel v. Virginia Lewis, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546, at *3 (Tenn. Crim. App. July 26, 2007), no pet. for perm. app. filed (finding "untenable the claim that a void component – the escape conviction . . . with its one-year sentence – fouled the remainder of the agreement" where the petitioner received an effective sentence of 50 years in exchange for his package plea agreement). Notwithstanding, we emphasize that the holdings of Smith and Michael David Russell represent "narrow exceptions" to the general

rule. See, e.g., Summers II, 267 S.W.3d at 7 ("In Summers [I], the supreme court noted that Smith represented a narrow exception to the general rule that a petitioner is entitled to withdraw his guilty plea when he receives an illegal sentence."); Author Ray Turner v. David Mills, Warden, No. E2011-00074-CCA-R3-HC, 2012 WL 1431220, at *8 (Tenn. Crim. App. April 25, 2012) ("[W]e conclude that the Petitioner's case does not fit within the narrow exceptions established by Smith or Michael David Russell precluding the withdrawal of his plea."); Joey D. Herrell v. Howard Carlton, Warden, No. E2009-01162-CCA-R3-HC, 2010 WL 2612737, at *3 (Tenn. Crim. App. June 30, 2010) ("We must note that, in Summers [I], our supreme court noted that Smith represented a narrow exception to the general rule[.]"). The general rule remains that "when a defendant bargains for and receives an illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommencement of the prosecution." Smith, 202 S.W.3d at 129.

As guidance, we again "note that the definition of material as used in the context of claims under Brady v. Maryland, 373 U.S. 83 (1963) is helpful." Summers II, 267 S.W.3d at 8. There, materiality exists "only if there is a reasonable probability" of a change in the outcome of the proceedings. See United States v. Bagley, 473 U.S. 667, 682 (1985). Applied in this context, then, materiality exists if there is a reasonably probability that, had the petitioner been informed that he would be subject to lifetime community supervision upon his release, he would not have pled guilty. We caution that silence in the record should not be interpreted, as the State seems to suggest, as proof that the omission of the community supervision condition from the judgment was not a material bargained-for element. See Michael Shane Benson v. State, No. E2011-00786-CCA-R3-HC, 2011 WL 6813185, at *3 (Tenn. Crim. App. Dec. 22, 2011) (rejecting a similar argument by the State "given the supreme court's guidance that it is ineffective assistance of counsel and constitutionally insufficient admonition from the trial court not to advise a defendant of the mandatory community supervision for life provision") (citing Ward v. State, 315 S.W.3d 461, 474 (Tenn. 2010)). Indeed, in many cases, particularly those involving imposition of community supervision, the record of the underlying proceedings is silent. This silence does not negate the possibility that the petitioner was improperly induced to enter the plea agreement on the basis of the illegal sentence and, in fact, may suggest just the opposite.

To illustrate the point, we find the Tennessee Supreme Court's analysis of the issue in Ward to be helpful. There, the court contrasted lifetime community supervision from parole, emphasizing that "[f]rom the perspective of someone who has served his or her entire sentence of incarceration and/or parole, an additional sentence of lifetime supervision is an undesirable and punitive consequence." Ward, 315 S.W.3d at 475. It imposes "significant" consequences on a defendant after having served his or her entire sentence, id. at 474, and therefore, rises to the level of constitutional error where the trial court fails to advise the defendant of the community supervision provision. Id. at 476. Although the Ward court

addressed the issue within the context of a knowing and voluntary guilty plea, we believe that the court's analysis sheds light on the materiality of lifetime community supervision as a component of a guilty plea. Given the "significant" consequences that lifetime community supervision imposes on a defendant after the defendant has served his entire sentence, see Ward, 315 S.W.3d at 474, it is entirely possible that, had the petitioner been informed of the direct consequence of his guilty plea, he would not have pled guilty. To be sure, we do not mean to suggest that omission of the community supervision component will always be deemed a material part of the plea bargain, allowing withdrawal of the guilty plea. Cf. Tracy Lynn Harris v. Jim Worthington, Warden, No. E2008-02363-CCA-R3-HC, 2010 WL 2595203 (Tenn. Crim. App. June 29, 2010), perm. app. denied (Tenn. Nov. 17, 2010) (concluding that lifetime community supervision was not a material bargained-for element of the plea agreement where plea negotiations focused on the petitioner's avoidance of the death penalty and where his rape sentence was to be served concurrently with his sentence for life without parole). The determination of materiality is fact specific and will vary from case to case. We simply note the serious and punitive nature of mandatory lifetime supervision and advise that in some cases, the absence of the community supervision component of the plea may be deemed material even where the record is silent.

## CONCLUSION

Based on the above authority, we hold that the Petitioner's sentence for aggravated rape is illegal and therefore void. We reverse the summary denial of the petition, vacate the Petitioner's aggravated rape sentence, and remand the case to the habeas corpus court for an evidentiary hearing. The evidentiary hearing is limited to whether the illegal sentence was a material bargained-for element of a plea agreement with the State, and the proof would be limited to the record of the underlying proceedings.

_____
CAMILLE R. McMULLEN, JUDGE